UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ISAIAH SANO,

                                    Plaintiff.

                           - against -

THE CITY OF NEW YORK, POLICE OFFICER
DEVON D MOSES, SHIELD # 968022, POLICE
OFFICER PATRICK SANON, SHIELD # 269, &
DETECTIVE BRIAN P FLYNN, SHIELD # 1067,

                                 Defendants.
-----------------------------------------------------------------------X

**CIVIL COMPLAINT**

Case Number:  22-cv-7688

***JURY TRIAL DEMANDED***

       Plaintiff Isaiah Sano, by his attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiff brings this civil rights action seeking relief for the violation of plaintiff's rights secured by 42 USC 1983, 1985, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive Due Process rights. Plaintiff's claims arise from an incident that arose on or about November 8, 2021, when all charges were dismissed in plaintiff's favor on June 8, 2022. During the incidents, the defendants, members of the New York City Police Department and employees of the City of New York subjected plaintiff to, among other things, false arrest, false imprisonment, malicious prosecution, deprivation of property rights and violations of plaintiff's rights against illegal searches and seizures. Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**Jurisdiction**

2.      This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth,

Fifth, and Fourteenth Amendments to the United States Constitution.

3.      As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

4.      Plaintiff exhausted all administrative remedies prior to commencement of this

action and timely filed a Notice of Claim upon the Comptroller's Office prior to commencement.

5.      Plaintiff appeared for and completed his 50-h statutory hearing prior to

commencement.

6.      This action was timely commenced within three (3) years of June 8, 2022 (the date

of dismissal of all charges and when the statute of limitations on all claims herein began to accrue),

for the federal claims and within one (1) year and ninety (90) days thereof for the state and city

claims.

**Venue**

7.      Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C.

1391(b), as such district in the district in which the claims herein arose.

**Parties**

8.      Plaintiff, Isaiah Sano is an African-American male who is a resident of the County

of Kings, City and State of New York.

9.      Defendant THE CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the municipal corporation,

THE CITY OF NEW YORK. Such defendant, through its various agents and employees violated

plaintiff's rights as described herein.

10.    At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER DEVON D MOSES, SHIELD # 968022, POLICE OFFICER PATRICK SANON, SHIELD # 269, & DETECTIVE BRIAN P FLYNN, SHIELD # 1067, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Such defendants violated plaintiff's rights as described herein.

11.    At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

## Statement of Facts

13.    On November 8, 2021, at plaintiff's residence of 2946 West 23rd Street, Brooklyn, New York plaintiff was lawfully in front of his residence when numerous police officers arrived. Plaintiff ISAIAH SANO did not commit any crimes and there was no basis to justify any arrest or search of his person.

14.    On November 8, 2021 when the defendants stopped, arrested and searched plaintiff they lacked a search warrant, bench warrant or arrest warrant. There were also no exigent circumstances allowing entry without a warrant. The police merely had an "I-card" which was not based on reliable information.

15.    On November 8, 2021, when the defendants stopped, arrested and searched plaintiff they lacked any probable cause.

16.    On November 8, 2021, when the defendants stopped, arrested and searched plaintiff they lacked any arguable probable cause.

17.    On November 8, 2021, the defendants used excessively violent force to arrest plaintiff despite the lack of any resistance.

18.    Plaintiff was booked and then sent to Rikers Island for approximately thirty (30) days despite the unlawful and illegal nature of his arrest and confinement.

19.    Plaintiff was caused to be incarcerated for more than 720 hours or 30 days without any basis and then released once he was able to post bail.

20.    Plaintiff was then forced to defend the baseless charges incur expenses and appear in court numerous times over a seven (7) month period.

21.    On June 8, 2022, all charges were dismissed against the plaintiff.

22.    The baseless nature of the case against plaintiff is easily discernible by the inconsistent charges and claims made against him. Initially, plaintiff was alleged arrested on an I-card for an alleged shooting that occurred on October 23, 2021. It was an officer who had no prior interactions or knowledge of plaintiff who allegedly identified him on a grainy video, defendant SANON. The alleged video was never produced and it is not clear if it ever existed. However, the arrest report of November 8, 2021 was solely for the possession of drugs. The police lacked any cause to stop, search or arrest the defendant for drug possession, as clearly shown on the body worn camera footage. However, once defendant was booked on the pretentious drug charges, he was arraigned on a felony complaint for attempted murder in the second degree and numerous firearm possession charges. Yet, the grand jury did not indict the plaintiff on the illegally obtained drug charges nor the completely fabricated attempted murder in the second degree charge. The above makes clear the defendants attempted to find a way to make baseless charges stick against

an innocent plaintiff. The fact that plaintiff may have possessed some contraband when illegally

arrested does not provide a defense to these claims. Especially not where a grand jury refuses to

indict on said contraband.

23.     Plaintiff has suffered loss of his liberty, mental anguish, emotional distress, shame,

humiliation, indignity, and damage to his reputation as a result of the unlawful conduct.

**AS AND FOR A FIRST CAUSE OF ACTION**
**False Arrest/Unlawful Imprisonment under 42 USC 1983**

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs number 1 through 23 with the same force and effect as if fully set forth herein.

25.     Defendants arrested and/or created a custodial situation of plaintiff Isaiah Sano

without probable cause, causing him to be detained against his will for an extended period of time

with no basis in law for such arrest, custody or detainment.

26.     Defendants caused plaintiff Isaiah Sano to be falsely arrested and unlawfully

detained.

27.     Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff

was conscious of the confinement.

28.     Plaintiff did not consent to the confinement and the confinement was not otherwise

privileged.

29.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory

damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS

($500,000), and is also entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000),

plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violation of Right to Fair Trial under 42 USC 1983**

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 30 with the same force and effect as if fully set forth herein.

31.     Defendants created false evidence against plaintiff Isaiah Sano.

32.     Defendants utilized this false evidence against plaintiff Isaiah Sano in legal proceedings, namely a purported video that was never produced and identification by defendant SANON that was never shown as legitimate.

33.     As a result of defendants' creation and use of false evidence, plaintiff Isaiah Sano suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

34.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Malicious Prosecution under 42 USC 1983**

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 34 with the same force and effect as if fully set forth herein.

36.     Defendants initiated, commenced and continued malicious prosecutions against plaintiff Isaiah Sano.

37.     Defendants caused plaintiff Isaiah Sano to be prosecuted without any probable cause until the charges were dismissed on or about June 8, 2022.

38.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to Intervene under 42 USC 1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 38 with the same force and effect as if fully set forth herein.

40.     Defendants had an affirmative duty to intervene on behalf of plaintiff Isaiah Sano, whose constitutional rights were being violated in their presence by other officers.

41.     The defendants failed to intervene to prevent the unlawful conduct described herein.

42.     As a result of the foregoing, plaintiff Isaiah Sano's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

43.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Supervisory Liability under 42 USC 1983**

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 43 with the same force and effect as if fully set forth herein.

45.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Municipal Liability under 42 USC 1983**

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 46 with the same force and effect as if fully set forth herein.

48.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiff Isaiah Sanorights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of

8

summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Isaiah Sano.

51.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Isaiah Sano as alleged herein.

52.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Isaiah Sano as alleged herein.

53.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff Isaiah Sano was unlawfully arrested and maliciously prosecuted.

54.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Isaiah Sano's constitutional rights.

55.    All of the foregoing acts by defendants deprived plaintiff Isaiah Sano of federally protected rights, including, but not limited to, the rights to be free from false arrest/unlawful

imprisonment, to be free from the failure to intervene, to receive his right to fair trial, and to be free from malicious prosecution.

56.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
## Unreasonable Force under 42 USC 1983

57.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 56 with the same force and effect as if fully set forth herein.

58.    The individual defendants' use of force upon plaintiff was objectively unreasonable.

59.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, complaint, and did not resist arrest.

60.    Those defendants who did not touch the plaintiff, witnesses these acts, but failed to intervene and protect plaintiff from their conduct.

61.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### 42 USC 1983 Federal Civil Rights Violations

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 61 with the same force and effect as if fully set forth herein.

63.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

64.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and ion violation of 42 USC 1983.

65.     The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as New York City Police Department officers. Said cats by the Defendants officers and agents were without authority of law, an abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution.

66.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### 42 USC 1983 Conspiracy

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 66 with the same force and effect as if fully set forth herein.

68.     Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

69.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### Unlawful Search and Seizure

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 69 with the same force and effect as if fully set forth herein.

71.     The defendants stopped, arrested and searched without any probable cause or access order and in violation of plaintiffs' rights to due process and against unreasonable searches and seizures of his property.

72.     As a result, plaintiff's privacy rights were violated without a warrant, access order or probable cause.

73.     Defendants are liable to plaintiff for depriving him of his right to privacy and rights against unlawful searches and seizures pursuant to the Federal and New York State Constitutions without due process of law and without any probable cause.

74.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment Under New York State Common Law

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 76 with the same force and effect as if fully set forth herein.

76.     Defendants arrested and/or created a custodial situation of plaintiff Isaiah Sano without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment.

77.     Defendants caused plaintiff Isaiah Sano to be falsely arrested and unlawfully detained.

78.     Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of the confinement.

79.     Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

80.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Malicious Prosecution Under New York State Common Law

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 80 with the same force and effect as if fully set forth herein.

82.    Defendants initiated, commenced and continued malicious prosecutions against plaintiff Isaiah Sano.

83.    Defendants caused plaintiff Isaiah Sano to be prosecuted without any probable cause until the charges were dismissed on or about June 8, 2022.

84.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Negligent Hiring Retention and Training

85.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 84 with the same force and effect as if fully set forth herein.

86.    The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

87.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000),

plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### Negligence

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs number 1 through 87 with the same force and effect as if fully set forth herein.

89.     Defendants owed a duty of care to plaintiff.

90.     Defendants breached that duty of care by subjecting plaintiff to an illegal search

and undue force and unprivileged deprivation of his liberty without sufficient or any cause to do

so.

91.     As a direct and proximate cause of this unlawful conduct, plaintiff sustained the

damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiff.

92.     The City, as the employer of the officer defendants, is responsible for their

wrongdoing under the doctrine of respondeat superior.

93.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory

damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS

($500,000), and is also entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000),

plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs number 1 through 93 with the same force and effect as if fully set forth herein.

95.    By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96.    As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

97.    The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

98.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.


**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I.    Compensatory damages in an amount to be determined by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000);

II.    Punitive damages in an amount to be determined by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000);

III.    Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
December 17, 2022

_____/s/_____
Caner Demirayak, Esq.
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com