

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH A. RUSSO**
*Assistant Corporation Counsel*
jorusso@law.nyc.gov
Phone: (212) 356-2376
Fax: (212) 356-1148

May 4, 2023

**BY ECF**
Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Isaiah Sano v. City of New York, et al.</u>
               22-cv-07688 (DLI) (TAM)

Your Honor:

      I am the Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter. Defendant writes to respectfully request: (1) an order compelling plaintiff to produce a signed unsealing release pursuant to New York Criminal Procedure Law §§ 160.50 and 160.55 ("160.50 release") by a certain date, and that (2) defendant's response to the Complaint be held in abeyance until thirty (30) days after defendant receives the aforementioned § 160.50 release.[1]

      By way of background, plaintiff filed his Complaint in this action on or about December 17, 2022 alleging claims of, *inter alia*, false arrest, malicious prosecution and a violation of his right to a fair trial. *See* Compl. at ¶¶ 24-96. Specifically, plaintiff alleges that, on November 8, 2021, he  was in front of his residence at 2946 West 23rd Street, Brooklyn, when numerous officers arrived, stopped, searched, and arrested him, and thereafter subjected him to excessive force without cause or justification. *Id* at ¶¶ 13-17. Plaintiff further alleges that the officers had an "I-card" which was not based on reliable information. *Id* at ¶ 14. Plaintiff claims that he was sent to Rikers Island for approximately 30 days without any basis and then released once he was able

---

[1] Defendant respectfully requests that the Court *sua sponte*, enlarge the individually named defendant's time to respond to the complaint as well.

to post bail. *Id* at ¶¶ 18-19. Plaintiff claims that he then needed to make numerous court appearances over a seven month period until all charges were eventually dismissed on June 8, 2022. *Id* at ¶¶ 20-21.

        Defendant's response to the Complaint was originally due on March 16, 2023, however, defendant requested, and the Court granted, an enlargement of time for defendant to respond to the Complaint until May 15, 2023. *See* Civil Docket Sheet, Entry Nos. 6, 7. Defendant requested this first enlargement of time because, amongst other reasons, they had not yet received an executed §160.50 release from plaintiff, which is needed to obtain the relevant records regarding plaintiff's underlying criminal case and arrest paperwork. *Id.* at Entry No. 6.[2] On March 21, 2023, defendant sent plaintiff's counsel the aforementioned §160.50 release via mail for plaintiff's execution, however, defendant did not receive any response.[3]

        On May 2, 2023, the undersigned emailed plaintiff's counsel to inquire about the status of the outstanding releases. On May 3, 2023, the undersigned also called plaintiff's counsel and a message was left with the receptionist. To date, plaintiff's counsel has not responded to the May 2, 2023 email or the message left for him with his office. As such, defendant has been left with no choice but to request that Your Honor issue an order compelling plaintiff to provide a fully executed §160.50, on pain of sanctions, and any other such relief the Court deems appropriate.

        As an initial matter, an executed §160.50 release is necessary to allow the defendants to investigate the underlying incident. In order to do so defendant needs to obtain records regarding the underlying criminal case including police records, the District Attorney's file, and the Criminal Court file, which have been sealed pursuant to NYCPL §§ 160.50 and 160.55. Courts in this district agree that production of a 160.50 release should be produced prior to defendants responding to a Complaint. *See Cabble v. Rollieson*, No. 04-CV-9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385 at 28 (S.D.N.Y. February 2006); *see also Perez v. City of New York*, 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003) (dismissing complaint when plaintiff failed to provide N.Y. CPL § 160.50 release necessary to answer the complaint). Thus, only after defendant obtains the executed release, will they be able to obtain and review these sealed documents, and respond to the Complaint in accordance with Federal Rule of Civil Procedure 11.

        Moreover, because defendant has not yet received any of plaintiff's arrest paperwork, this Office has been unable to resolve representation with Officers Devon D Moses, Patrick Sanon, and Detective Brian P Flynn pursuant to the General Municipal Law. *See* General Municipal Law § 50(k). Only once this Office obtains plaintiff's underlying arrest documents will they be in a position to resolve representation of Officers Devon D. Moses, Patrick Sanon and Detective Brian P. Flynn and, should this Office agree to represent them, respond to the Complaint

---

[2] Defendant further indicated in their request that more time was also needed to resolve representation with Officers Devon D. Moses, Patrick Sanon, and Detective Brian P. Flynn.

[3] Given plaintiff's allegations that he suffered physical and psychological damages as a result of the incident, Defendant also sent plaintiff, via mail, a HIPAA compliant medical release for his execution. To date, defendant has not received the executed medical release from plaintiff and reserves the right to move to compel the execution of the medical release at a later date.

on their behalf. *See Mercurio v. City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

For the reasons set forth above, defendant respectfully request that the Court issue an order compelling plaintiff to produce an executed § 160.50 release by a certain date, and hold defendant's response to the Complaint in abeyance until thirty (30) days after such time as a fully executed §160.50 release is received.

Thank you for your consideration herein.

Respectfully submitted,

_____
Joseph A. Russo
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **VIA ECF**
   *All Attorneys to be Noticed*