

| **HON. SYLVIA O. HINDS-RADIX** | **THE CITY OF NEW YORK** | **JOSEPH A. RUSSO** |
| --- | --- | --- |
| *Corporation Counsel* | **LAW DEPARTMENT** | *Assistant Corporation Counsel* |
| | 100 CHURCH STREET | jorusso@law.nyc.gov |
| | NEW YORK, NEW YORK 10007 | Phone: (212) 356-2376 |
| | | Fax: (212) 356-1148 |

June 5, 2023

**VIA ECF**
Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

　　　　　　Re: <u>Isaiah Sano v. City of New York, et. al.</u>, 22-CV-07688 (DLI) (TAM)

Your Honor:

　　　　I am an Assistant Corporation Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer Devon Moses, Police Officer Patrick Sanon, and Detective Brian Flynn in the above-referenced action. Defendants respectfully request the Court endorse the proposed briefing schedule set forth herein for their anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also write to provide a brief summary of the grounds of their anticipated motion.

　　**I.　Factual Background**

　　　　Plaintiff filed his Complaint in this action on or about December 17, 2022 alleging claims of, *inter alia*, false arrest, malicious prosecution and a violation of his right to a fair trial. *See* Compl., at ¶¶ 24-96. Specifically, plaintiff alleges that, on November 8, 2021, he was in front of his residence at 2946 West 23rd Street, Brooklyn, when numerous officers arrived, stopped, searched, and arrested him, and thereafter subjected him to excessive force without cause or justification. *Id*., at ¶¶ 13-17. Plaintiff further alleges that the officers had an "I-card" for his participation in a shooting which was not based on reliable information. *Id*., at ¶¶ 14, 22. Plaintiff alleges that his arrest was based off an unreliable identification made by a Police Officer from viewing "grainy" video surveillance. *Id*., at ¶¶ 22, 33. Plaintiff claims that he has never observed this "grainy" video and that it was never produced to him. *Id*., at ¶ 22.

　　　　Plaintiff further alleges that he was arrested for possession of a controlled substance, and then arraigned on attempted murder and firearm possession charges. *Id*., at ¶ 22. Plaintiff alleges that the only charges the Grand Jury did not indict him on were for attempted murder and possession of a controlled substance. *Id*., at ¶ 22. Plaintiff claims that he was sent to Rikers Island for approximately 30 days and then released once he was able to post bail. *Id*., at ¶¶ 18-19. Plaintiff

claims that he then needed to make numerous court appearances over a seven month period until all charges were eventually dismissed on June 8, 2022. *Id*., at ¶¶ 20-21.

Defendant's response to the Complaint was originally due on March 16, 2023, however, defendant requested, and Magistrate Judge Merkl granted, an enlargement of time for defendant to respond to the Complaint until May 15, 2023. *See* Civil Docket Sheet, Entry Nos. 6, 7. On May 4, 2023 defendants filed a motion to compel an unsealing release from plaintiff along with a request for an extension to respond. *Id*., at 13. On May 5, 2023 the Court granted, in part, the extension for defendants' response until June 5, 2023. *Id*., at 15.

## II. Legal Basis for Defendants' Anticipated Motion.[1]

"To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). *Marc J. Elkowitz, M.D., P.C. v. UnitedHealthcare of N.Y., Inc*., No. 17-CV-4663 (DLI) (PK), 2021 U.S. Dist. LEXIS 66114, at *4-5 (E.D.N.Y. Mar. 31, 2021). Here, Plaintiff's complaint contains numerous conclusory and unsupported allegations, lacks factual detail, and fails to rebut the existence of probable cause created by Grand Jury indictment.

### A. False Arrest, Malicious Prosecution, Denial of a Right to Fair Trial Claims All Fail

Plaintiff does not adequately plead false arrest, malicious prosecution, or a denial of a right to a fair trial. With respect to plaintiff's purported false arrest claim, the Complaint concedes that Plaintiff was arrested based on an NYPD "i-card." *See* Compl., at ¶ 14. Since an "i-card" issued for the arrest of an individual is probable cause in itself, any confinement was privileged. *See Dowtin v. O'Neill*, No. 16-CV-6119 (LDH) (LB), 2019 U.S. Dist. LEXIS 224600, at *5 (E.D.N.Y. Jan. 7, 2019). (granting dismissal of false arrest claim where plaintiff was arrested pursuant to an outstanding I-Card).

Plaintiff's malicious prosecution claim fares no better. Here, Plaintiff's grand jury indictment for possession of a firearm in relation to his arrest, *Id.,* at ¶ 22, creates a presumption of probable cause that may be rebutted only by evidence that "the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of N.Y*., 331 F.3d 63, 73 (2d Cir. 2003) (quotation omitted); *see also McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in the indictment). Here, plaintiff alleges no facts to show fraud or any other misconduct perpetrated before the grand jury so as to rebut the presumption of probable cause.

With respect to plaintiff's denial of the right to a fair trial claim, plaintiff alleges that the aforementioned video of him discharging a firearm was never produced and therefore was "false

---

[1] Defendants reserve the right to raise any other good faith arguments in their moving papers. Due to page constraints, Defendants have not articulated each argument that they intend to make herein.

evidence." *See* Compl., at ¶¶ 22, 31-32. He further claims that Police Officer Sanon had no prior interactions with or knowledge of plaintiff and therefore his identification was "illegitimate" without additional explanation. *Id*. Nowhere does plaintiff allege that Officer Sanon either knowingly lied or falsely identified him on the surveillance. *See Norales v. Acevedo N.Y.P.D.*, No. 21-549, 2022 U.S. App. LEXIS 35639, at *14-15 (2d Cir. Dec. 27, 2022) ("Norales must show that "a defendant knowingly fabricated evidence" and that "a reasonable jury could so find*." Morse v. Fusto,* 804 F.3d 538, 550 (2d Cir. 2015). In fact, plaintiff concedes that he has never seen this video and does not explain how he could possibly know it was grainy without ever watching it. *Id.* Plaintiff's conclusory statements regarding purported false or fabricated evidence are not enough to survive a motion to dismiss for a denial of fair trial claims. *See e.g.*, *Lewis v. City of N.Y.*, 591 F. App'x 21, 22 (2d Cir. 2015).

   B. Municipal Liability

To state a claim for municipal liability, a plaintiff must sufficiently plead that: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d. Cir. 2008) (citing *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 at 690 91). Even assuming *arguendo*, that there was a deprivation of a constitutional or statutory right, plaintiff does not allege that an official policy caused such deprivation of right. Plaintiff's claim for municipal liability claim should be dismissed.

### III.   Conclusion.[2]

For the foregoing reasons, Defendants respectfully request the Court endorse the following briefing schedule for their anticipated motion to dismiss:

- Defendants' moving papers due by July 12, 2023;
- Plaintiff's opposition due by August 11, 2023; and
- Defendants' reply, if any, due by August 25, 2023.

Thank you for your consideration herein.

Respectfully submitted,

Joseph A. Russo
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA ECF**
      *All attorneys to be noticed*

---

[2] Defendants also intend to move on the insufficiency of the complaint as it relates to plaintiff's remaining claims of excessive force, failure to intervene, supervisory liability, conspiracy, federal civil rights violations, and state tort claims in our motion.