No. 22-CV-07688 (DLI) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ISAIAH SANO,

Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
DEVON D MOSES, POLICE OFFICER PATRICK
SANON, DETECTIVE BRIAN FLYNN,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(B)(6)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Joseph A. Russo*
*Tel.:  (212) 356-2376*

June 12, 2023

i

# **Table of Contents**

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT STATEMENT OF FACTS ................................................................. 1

STANDARDS OF DISMISSAL .............................................................................. 2

ARGUMENT ........................................................................................................... 4

POINT I .................................................................................................................... 4

>       PLAINTIFF'S FALSE ARREST CLAIM FAILS SINCE  THERE
>       WAS PROBABLE CAUSE OR AT LEAST ARGUABLE
>       PROBABLE CAUSE TO ARREST PLAINTIFF ................................... 4

>>       A.   Plaintiff's Arrest was Privileged ......................................... 4

>>       B.   The Defendants Are Entitled to Qualified
>>       Immunity ................................................................................. 6

POINT II ................................................................................................................... 7

>       PLAINTIFF'S GRAND JURY INDICTMENT CREATES A PRESUMPTION
>       OF PROBABLE CAUSE FOR THE PROSECUTION AND AS SUCH,
>       PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS ......................... 7

POINT III .................................................................................................................. 8

>       PLAINTIFF'S PURPORTED CLAIMS FOR A DENIAL OF A RIGHT TO A
>       FAIR TRIAL, EXCESSIVE FORCE, CONSPIRACY, SUPERVISORY
>       LIABILITY, FAILURE TO INTERVENE AND *MONELL* ALL FAIL .............. 8

>>       A.   Plaintiff Fails To State a Claim For a Violation
>>       of His Right to a Fair Trial ...................................................... 8

>>       B.   Plaintiff Fails to State a Claim for Excessive
>>       Force ....................................................................................... 9

>>       C.   Plaintiff Fails to State a Claim for Failure to
>>       Intervene ................................................................................. 10

>>       D.   Plaintiff Fails to State a Claim for Supervisory
>>       Liability ................................................................................... 11

>>       E.   Plaintiff Fails to State a Claim for Conspiracy ................................. 11

F.   Plaintiff Fails to Allege a Plausible Municipal Liability or *Monell* Claim ........................................................ 13

POINT IV...................................................................................................... 16

IN THE ABSENCE OF ANY REMAINING FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY NEW YORK STATE LAW CLAIMS........................................... 16

A.   The Court Should Decline Supplemental Jurisdiction................................................................................. 16

CONCLUSION............................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2008)........................................................................................3, 4

*Ashley v. City of N.Y.,*
   992 F.3d 128 (2d Cir. 2021)................................................................................4

*Bastuk v. Cnty. Of Monroe,*
   2015 U.S. App. LEXIS 17634 (2d Cir. Oct. 6, 2015)...........................................11

*Biswas v. City of N.Y.,*
   973 F. Supp. 2d 504 (S.D.N.Y. 2013)................................................................12

*Broughton v. State,*
   37 N.Y.2d 451 (N.Y. 1975) ...............................................................................4

*Buari v. City of New York,*
   530 F. Supp. 3d 356 (S.D.N.Y March 30, 2021) ...........................................13, 14

*Cerrone v. Brown,*
   246 F.3d 194 (2d Cir. 2001)...............................................................................6

*Cine SK8, Inc. v. Town of Henrietta,*
   507 F.3d 778 (2d Cir. 2007)..............................................................................12

*City of Los Angeles v. Heller,*
   475 U.S. 796 (1986)........................................................................................15

*Colon v. Coughlin,*
   58 F.3d 865 (2d Cir. 1995)................................................................................11

*Connick v. Thompson,*
   563 U.S. 51 (2011).................................................................................14, 15, 16

*Dolan v. Connolly,*
   794 F.3d 290 (2d Cir. 2015)..............................................................................12

*Dowtin v. O'Neill,*
   No. 16-CV-6119 (LDH) (LB), 2019 U.S. Dist. LEXIS 224600 (E.D.N.Y. Jan.
   7, 2019) ..........................................................................................................5

*Giaccio v. City of New York*,
308 F. App'x 470 (2d Cir. 2009) ...................................................................13

*Green v. Dep't of Educ. of N.Y.*,
16 F.4th 1070 (2d Cir. 2021) ........................................................................16

*Green v. Montgomery*,
219 F.3d 52 (2d Cir. 2000).........................................................................7, 8

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)........................................................................................6

*Hayes v. Perotta*,
751 F. Supp. 2d 597 (S.D.N.Y. 2010)...........................................................13

*Herrmann v. Moore*,
576 F.2d 453 (2d Cir. 1978)..........................................................................12

*Hong Tang v. Grossman*,
No. 22-464, 2023 U.S. App. LEXIS 4625 (2d Cir. Feb. 27, 2023) ...............16

*Jack v. City of N.Y.*,
No. 15-CV-679 (RRM) (RLM), 2017 U.S. Dist. LEXIS 229485 (E.D.N.Y.
Sep. 28, 2017) ...............................................................................................10

*Jean-Laurent v. Wilkinson*,
540 F. Supp. 2d 501 (S.D.N.Y. 2008)...........................................................10

*Jocks v. Tavernier*,
316 F.3d 128 (2d Cir. 2003)........................................................................4, 6

*Jones v. City of N.Y.*,
13-cv-0703 (BMC), 2014 U.S. Dist. LEXIS 51964 (E.D.N.Y. Apr. 11, 2014) .......................9

*Jovanovic v. City of N.Y.*
486 F. App'x 149 (2d Cir. 2012) .....................................................................8

*Keller v. Sobolewski*,
10-cv-5198 (FB) (RML), 2012 U.S. Dist. LEXIS 147395 (E.D.N.Y. Oct. 12,
2012) ...............................................................................................................8

*Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*,
464 F.3d 255 (2d Cir. 2006)..........................................................................17

*Lewis v. City of N.Y.*,
591 F. App'x 21 (2d Cir. 2015) .......................................................................9

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)..............................................................................16

*McClellan v. Smith*,
    439 F.3d 137 (2d Cir. 2006)............................................................................6, 7

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)............................................................................................7

*Monell* v. *Dep't of Social Services*,
    436 U.S. 658 (1978).......................................................................1, 13, 15, 16

*Morse v. Fusto*,
    804 F.3d 538 (2d Cir. 2015)...............................................................................9

*Muschette v. Gionfriddo*,
    910 F.3d 65 (2d Cir. 2018).................................................................................5

*Norales v. Acevedo N.Y.P.D.*,
    No. 21-549, 2022 U.S. App. LEXIS 35639 (2d Cir. 2022) ...............................9

*O'Neill v. Krzeminski*,
    839 F.2d 9 (2d Cir. 1988).................................................................................10

*Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985)..........................................................................................13

*Reid v. City of New York*,
    2004 U.S. Dist. LEXIS 5030 24 (S.D.N.Y. March 29, 2004) ...........................7

*Reynolds v. Giuliani*,
    506 F.3d 183 (2d Cir. 2007).............................................................................15

*Saeli v. Chautaqua Cnty.*,
    36 F.4th 445 (2d Cir. 2022) .............................................................................13

*Saucier v. Katz*,
    533 U.S. 194 (2001)............................................................................................6

*Savino v. City of N.Y.*,
    331 F.3d 63 (2d Cir. 2003)..................................................................................7

*Stansbury v. Wertman*,
    721 F.3d 84 (2d Cir. 2013)..................................................................................4

*Triano v. Town of Harrison*,
    895 F. Supp. 2d 526 (S.D.N.Y. 2012)..............................................................15

*United States v. Colon,*
    250 F.3d 130 (2d Cir. 2001)..........................................................................5

*Vippolis v. Vill. of Haverstraw,*
    768 F.2d 40 (2d Cir. 1985)..........................................................................13

*Wash. Square Post No. 1212 v. Maduro,*
    907 F.2d 1288 (2d Cir. 1990)......................................................................6

*Williams v. Smith,*
    781 F.2d 319 (2d Cir. 1986)........................................................................10

*Wingate v. Gives,*
    725 F. App'x 32 (2d Cir. 2018)....................................................................5

*Wray v. City of New York,*
    490 F.3d 189 (2d Cir. 2007)..............................................................14, 15, 16

*Wright v. Smith,*
    21 F.3d 496 (2d Cir.1994)............................................................................10

*Zalaski v. City of Hartford,*
    723 F.3d 382 (2d Cir. 2013).........................................................................7

**Statutes**

28 U.S.C. § 1367(c) ...........................................................................................17

42 U.S.C. § 1983 ......................................................................................... *passim*

42 U.S.C. § 1985 ...............................................................................................13

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................................1, 2

Rule 8 ................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff Isaiah Sano brings this action pursuant to 42 U.S.C. § 1983, and New York state law, alleging, *inter alia*, that, he was subjected to false arrest, malicious prosecution, denial of a right to a fair trial, and excessive force. *See generally* Civil Docket Entry No. 1, Plaintiff's Complaint, dated December 17, 2022. Plaintiff also brings a purported claim against the City of New York pursuant to *Monell* v. *Dep't of Social Services*, 436 U.S. 658, 694-95 (1978). *Id*.

Defendants City of New York, Police Officer Devon D. Moses, Police Officer Patrick Sanon, Detective Brian Flynn ("defendants") now move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that: (1) Plaintiff's false arrest claim fails since there was probable cause or at least arguable probable cause for plaintiff's arrest;  (2) Plaintiff's grand jury indictment creates a presumption of probable cause for the prosecution and as such, plaintiff's malicious prosecution claim fails;  (3) Plaintiff's purported claims for a denial of a right to a fair trial, excessive force, conspiracy, supervisory liability, failure to intervene and  *Monell* all fail;  and; (4) in the absence of any remaining federal claims, the Court should decline to exercise supplemental jurisdiction over any remaining New York state law claims.

## RELEVANT STATEMENT OF FACTS[1]

On November 8, 2021 Plaintiff was arrested on an NYPD "I-card" for a shooting and for possession of a controlled substance. *Id*., at ¶ 22. Plaintiff was arraigned on attempted murder and firearm possession charges. *Id*., at ¶ 22. Plaintiff was not indicted for attempted murder or possession of a controlled substance. *Id*., at ¶ 22.  However, plaintiff was indicted for criminal

---

[1] The facts alleged in the Complaint are accepted as true herein solely for the purposes of this motion.

possession of a weapon, as those charges remained pending for approximately seven (7) months, until the matter was dismissed on June 8, 2022. *Id*., at ¶ 20-22. Plaintiff was incarcerated on Rikers Island for approximately 30 days during the pendency of the criminal matter and released once he was able to post bail. *Id*., at ¶¶ 18-19.

Plaintiff filed this action on or about December 17, 2022.  *See* Civil Docket Entry No. 1. On or about February 23, 2023, the City of New York was served with a summons and Complaint. *See* Civil Docket Entry No. 7. On or about March 17, 2023, both defendants Sanon and Moses were served with a summons and Complaint. *See* Civil Docket Entry Nos. 9-10. On or about March 18, 2023 defendant Flynn was served with a summons and Complaint. *See* Civil Docket Entry No. 8.

Defendants' response to the Complaint was originally due on March 16, 2023, however, defendant requested, and Magistrate Judge Merkl granted, an enlargement of time for defendant to respond to the Complaint until May 15, 2023. *See* Civil Docket Sheet, Entry No. 7 & Order dated March 17, 2023. On May 4, 2023 defendants filed a motion to compel an unsealing release from plaintiff along with a request for an extension to respond. *Id*., at 13. On May 5, 2023 the Court granted, in part, the extension for defendants' response until June 5, 2023. *Id*., Order dated May 5, 2023. On June 5, 2023 defendants submitted a proposed briefing schedule for the instant motion to the Court. *See* Civil Docket Sheet, Entry No. 15.  By order dated June 8, 2023, Your Honor ordered defendants to file their motion by June 12, 2023. *See* Civil Docket Entry dated June 8, 2023. Defendants City of New York, Brian Flynn, Patrick Sanon, and Devon Moses now move to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6).

## **STANDARDS OF DISMISSAL**

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

Two working principles determine whether a Complaint may survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678-679. "First, the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the Complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*. Second, only a Complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. (citing *Twombly*, 550 U.S. at 556). "Determining whether a Complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged – but it has not 'show[n]' – "that the pleader

is entitled to relief.'" *Id*. (citing FRCP 8(a)(2)).

## ARGUMENT

### POINT I

### PLAINTIFF'S FALSE ARREST CLAIM FAILS SINCE THERE WAS PROBABLE CAUSE OR AT LEAST ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF

**A. Plaintiff's Arrest was Privileged**

The Second Circuit has held that "[c]laims for false arrest brought under Section 1983 are "substantially the same" as claims for false arrest under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). *Ashley v. City of N.Y.*, 992 F.3d 128, 136 (2d Cir. 2021). To prove false arrest under New York law, a plaintiff must prove (1) the defendant intended to confine them; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (citing to *Broughton v. State*, 37 N.Y.2d 451, 456 (N.Y. 1975).

The Second Circuit has held that "'[p]robable cause is an absolute defense to a **false arrest** claim.'" *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (citing *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)). Further, "[a]n officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Id.* (citing *Jaegly*, 439 F.3d at 152). Arguable probable cause "exists when 'a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established

law.'" *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (emphasis in original) (internal citations omitted)). Because "'any reasonable officer . . . could have determined" that there was probable cause to arrest plaintiff based on the information that Ms. Emmanus reported to Detective Carr and information that he reviewed in police reports, Detective Carr is entitled to qualified immunity. *Muschette v. Gionfriddo*, 910 F.3d 65, 70 (2d Cir. 2018) (citation omitted) (emphasis in original).

An "I-card" issued for the arrest of an individual is probable cause in itself, rendering any confinement privileged. *See Dowtin v. O'Neill*, No. 16-CV-6119 (LDH) (LB), 2019 U.S. Dist. LEXIS 224600, at *5 (E.D.N.Y. Jan. 7, 2019). (granting dismissal of false arrest claim where plaintiff was arrested pursuant to an outstanding I-Card). Additionally, Courts have held that "any knowledge held by the officer who took that Complaint is imputed to other officers (via the **I-Card**) as a matter of law." *Id.* at 6; s*ee also United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001)). Here, plaintiff was arrested on November 5, 2021 for his participation in a shooting based upon an outstanding NYPD "i-card." *See* Compl. ¶¶ 14, 22. The fact that plaintiff claims that the I-card was based upon unreliable information., *Id.*, at ¶¶ 14, 22., is of no moment since the knowledge of the officers who took the Complaint is imputed to the officers who ultimately arrested plaintiff. *See Colon, supra.*

Probable cause to arrest also existed as plaintiff was in possession of a controlled substance at the time of his arrest for the shooting. *See* Compl. ¶ 22. A false arrest claim cannot succeed when the plaintiff was found to be in possession of controlled substances on their person. *See Wingate v. Gives*, 725 F. App'x 32, 36 (2d Cir. 2018)("Wingate's October 2004 false arrest and malicious prosecution claims failed because defendants had **probable cause** to arrest and

prosecute him for possession of a **controlled substance** because it is undisputed that Wingate was in possession of two crack pipes at the time of his arrest.").

In light of the fact that there was an i-card for plaintiff's arrest and he was in possession of a controlled substance at the time of his arrest, there was probable cause to arrest plaintiff. Thus, plaintiff's claim for false arrest, both under § 1983 and state law, must be dismissed.[2]

### B. The Defendants Are Entitled to Qualified Immunity

Alternatively, even if probable cause was somehow lacking to arrest plaintiff, there was still, at a minimum, *arguable* probable cause to arrest plaintiff and therefore, any individual defendant is entitled to qualified immunity. Qualified immunity protects government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This doctrine applies where a police officer could reasonably have believed that his or her actions were acceptable in light of well-established law. *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001). The qualified immunity analysis is independent of the merits of the underlying action and must be assessed separately from the underlying claims. *See Saucier v. Katz*, 533 U.S. 194, 204 (2001); *see also Wash. Square Post No. 1212 v. Maduro*, 907 F.2d 1288, 1292 (2d Cir. 1990) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985)).

An officer is entitled to qualified immunity as a matter of law if officers of reasonable competence could disagree on the lawfulness of the officer's actions. *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006). Thus, even where a federally-protected right has been violated,

---

[2] *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

this immunity applies unless plaintiff shows that the right was clearly established at the time of the events. *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). Qualified immunity is "an immunity from suit rather than the mere defense to liability" and should be resolved at the earliest possible stage. *Mitchell*, 472 U.S. at 526.

Here, there was at least arguable probable cause to arrest plaintiff pursuant to the outstanding i-card based upon an identification, and because he was in possession of a controlled substance. *See* Compl., ¶¶ 22. Since defendants acted reasonably under these circumstances in effectuating plaintiff's arrest, qualified immunity is appropriate.

<u>**POINT II**</u>

**PLAINTIFF'S GRAND JURY INDICTMENT CREATES A PRESUMPTION OF PROBABLE CAUSE FOR THE PROSECUTION AND AS SUCH, PLAINTIFF'S MALICIOUS <u>PROSECUTION CLAIM FAILS</u>**

Plaintiff alleges malicious prosecution under federal law (Count III) and New York law (Count XII). *See* Compl. Both claims fail because the existence of probable cause is an absolute defense, and Plaintiff was indicted by a Grand Jury. *See* Compl. ¶ 22. Under New York law, a Grand Jury indictment creates a presumption of probable cause for purposes of defending against a malicious prosecution claim. *See Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000). Further, a presumption of probable cause may be rebutted only by evidence that "the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of N.Y.*, 331 F.3d 63, 73 (2d Cir. 2003) (quotation omitted); *see also McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in the indictment). Plaintiff cannot rebut the presumption of probable cause based on "mere conjecture and surmise that his indictment was procured as a result of conduct undertaken in bad faith." *Reid v. City of New York*, 2004 U.S. Dist.

LEXIS 5030 24 (S.D.N.Y. March 29, 2004) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

The Complaint alleges that the *only* charges the Grand Jury did *not* indict him on were for attempted murder and possession of a controlled substance. *See* Compl. at ¶ 22. It follows then that the Grand Jury *did* indict him on the remaining felony charges of Criminal Possession of a Weapon and Criminal Possession of a Firearm. *Id.* The Complaint, however, does not allege any facts whatsoever to show fraud or any other misconduct perpetrated before the grand jury by any of the individually named defendants. *See Id.*, generally *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000). As such, plaintiff cannot rebut the presumption of probable cause created by the Grand Jury indictment and his claim for malicious prosecution should be dismissed.

## POINT III

### PLAINTIFF'S PURPORTED CLAIMS FOR A DENIAL OF A RIGHT TO A FAIR TRIAL, EXCESSIVE FORCE, CONSPIRACY, SUPERVISORY LIABILITY, FAILURE TO INTERVENE AND *MONELL* ALL FAIL

**A.  Plaintiff Fails To State a Claim For a Violation of His Right to a Fair Trial**

To prevail on a claim for denial of the right to a fair trial, a plaintiff must show that an investigating official fabricated evidence that was likely to influence a jury's decision, that the official forwarded that information to prosecutors, and that plaintiff suffered a deprivation of liberty as a result. *Jovanovic v. City of N.Y.* 486 F. App'x 149, 152 (2d Cir. 2012); *see also Keller v. Sobolewski*, 10-cv-5198 (FB) (RML), 2012 U.S. Dist. LEXIS 147395, at 13 (E.D.N.Y. Oct. 12, 2012) (the harm suffered by an individual bringing a claim for deprivation of the right to a fair trial is the deprivation of liberty that occurs because of the fabrication).

Plaintiff alleges that the video of him discharging a firearm was never produced and therefore, was "false evidence." *See* Compl., at ¶¶ 22, 31-32. He further claims that Police Officer

Sanon had no prior interactions with or knowledge of plaintiff and therefore his identification was "illegitimate" without additional explanation. *Id.* Nowhere does plaintiff allege that Officer Sanon either knowingly lied or falsely identified him on the surveillance. *See Norales v. Acevedo N.Y.P.D.*, No. 21-549, 2022 U.S. App. LEXIS 35639, at 14-15 (2d Cir. 2022) ("Norales must show that "a defendant knowingly fabricated evidence" and that "a reasonable jury could so find."); *Morse v. Fusto*, 804 F.3d 538, 550 (2d Cir. 2015). In fact, plaintiff concedes that he has never seen this video and does not explain how he could possibly know it was grainy without ever watching it. *Id.*

Plaintiff's conclusory statements regarding purported false or fabricated evidence are, therefore, insufficient to survive a motion to dismiss. *See e.g.*, *Lewis v. City of N.Y.*, 591 F. App'x 21, 22 (2d Cir. 2015). *See also Jones v. City of N.Y.*, 13-cv-0703 (BMC), 2014 U.S. Dist. LEXIS 51964, at *16 (E.D.N.Y. Apr. 11, 2014) (because a denial of a fair trial claim requires the making of a material false statement in the context of a prosecution, and there is none here, plaintiff's claim fails).

### B.  Plaintiff Fails to State a Claim for Excessive Force

Plaintiff claims that "the defendants used excessively violent force to arrest plaintiff despite the lack of any resistance." *See* Compl. ¶ 17. There is no factual allegation anywhere in the Complaint, however, as to what specific  "force" was used, how it was used, or who applied it. *See* Compl., *generally*.  These overbroad allegations fail to state a claim for excessive force pursuant to § 1983.

Nor does plaintiff plead personal involvement in the alleged use of force by each of the individually named defendant officers as he must to maintain a claim under Section 1983. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an

award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994). To establish § 1983 liability against a particular defendant, a plaintiff must plead that the individual defendant was personally involved in the alleged deprivation of rights. *See Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). Plaintiff's Complaint only alleges a physical altercation with, "the individual defendants'" and "those defendants who did not touch the plaintiff, witnesse[d] these acts" *See* Compl., at ¶¶ 58-60.  The Complaint does not allege which defendants were actually present for his apprehension or which defendant or defendants actually used force against him. *Id*.  For these reasons, plaintiff's excessive force claim should be dismissed.

### C.  Plaintiff Fails to State a Claim for Failure to Intervene

Plaintiff's failure to intervene claim, which is necessarily derivative of other claims, fails because the Complaint  does not specify which officer or officers personally failed to intervene to prevent an identified harm to plaintiff. *See Wright supra*.  In addition, an official may be liable only when a reasonable person in his or her position would have known that the plaintiff's constitutional rights were being violated, the official had a realistic opportunity to intervene to prevent the harm, and the official did not take reasonable steps to do so.  *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988); *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). Courts have held that "…there can be no failure to intervene where there was no constitutional violation." *Jack v. City of N.Y.*, No. 15-CV-679 (RRM) (RLM), 2017 U.S. Dist. LEXIS 229485, at *16 (E.D.N.Y. Sep. 28, 2017) (*citing Tavares v. City of New York*, No. 08-CV-3782 (PAE) (JCF), 2011 U.S. Dist. LEXIS 137381, 2011 WL 5877550, at *7 (S.D.N.Y. Oct. 17, 2011).

Here, plaintiff did not suffer any constitutional violation for all the reasons discussed above. *See* Points I, II, III (a-b). Furthermore, as to plaintiff's purported claim for excessive force,

the Complaint is silent as to which defendants purportedly failed to intervene to prevent any alleged use of force.  As such, plaintiff's failure to intervene claim must be dismissed.

### D.  Plaintiff Fails to State a Claim for Supervisory Liability

Supervisory liability is a derivative claim, meaning it requires an underlying constitutional violation for liability to lie. *Bastuk v. Cnty. Of Monroe*, 2015 U.S. App. LEXIS 17634, at *4 (2d Cir. Oct. 6, 2015). To state a claim for supervisory liability, a plaintiff must establish that: (1) the defendants participated directly in the alleged constitutional violation, (2) the defendants, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendants were grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendants exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

As argued *supra*, there is no underlying constitutional violation upon which to base a claim for supervisory liability.   This claim also fails because plaintiff has failed to plausibly allege the facts necessary to maintain this claim. In fact, the Complaint only alleges that "the supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees." *See* Compl. at ¶ 45. A mere recitation of the elements is not sufficient to properly plead supervisory liability and therefore, this claim should be dismissed.

### E.  Plaintiff Fails to State a Claim for Conspiracy

"A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the

equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (quoting *Britt v. Garcia*, 457 F.3d 264, 269 n. 4 (2d Cir. 2006). The conspiracy must also be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." See *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Plaintiff fails to plead a cognizable claim for conspiracy and it should be dismissed.

To the extent that Plaintiff is alleging the City and its employees conspired to violate his civil rights, such claims are barred by the "'intra-corporate conspiracy' doctrine [which explains that] the officers, employees, and agents of the same corporate entity acting within their scope of employment, along with the corporate entity itself, are considered a single entity and are legally incapable of conspiring with each other." *Biswas v. City of N.Y.*, 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013) (citations omitted). The Second Circuit has applied this doctrine to § 1985(3) claims. *See Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978). Provided that the individual employees do not pursue independent interests that are "wholly separate and apart from the entity," which is the exception to the doctrine, the intra-corporate conspiracy doctrine bars such conspiracy claims as a matter of law. *Biswas*, 973 F.Supp.2d at 535. It is unclear what independent interest any of the individual defendants would be pursuing that are wholly separate and apart from their duties.   Here, because all individual defendants are or were employees of the City acting within the scope of their employment, they could not conspire with each other or with the City as a matter of law.

Further, plaintiff fails to adequately allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *See Cine SK8, Inc. v.*

*Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007).  As there are no allegations to the existence of the required racial animus for a 42 U.S.C. § 1985 conspiracy, this claim should be dismissed.

### F.   Plaintiff Fails to Allege a Plausible Municipal Liability or *Monell* Claim

To bring a municipal liability claim, a plaintiff must demonstrate that the municipality "had (1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right." *Saeli v. Chautaqua Cnty.*, 36 F.4th 445, 460 (2d Cir. 2022) (quoting *Torcivia v. Suffolk County*, 14 F4th 342, 355) (2d Cir. 2021)).  It is not enough that a municipality merely employed a tortfeasor, as a municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 at 691. In order to hold a municipality liable as a "person" within the meaning of §1983, a plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). A plaintiff must also establish "a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). The causal link must be the "moving force" behind a constitutional violation. *Monell*, 436 U.S. at 691, 694.

To establish municipal liability by invoking a custom or usage, a plaintiff must show that the City "indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may be fairly said to represent official policy. *Buari v. City of New York*, 530 F. Supp. 3d 356, 398 (S.D.N.Y March 30, 2021) (quoting *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 314 (E.D.N.Y. 2006). In the Second Circuit, a "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]." *See Hayes v. Perotta*, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); *see also Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (holding that four constitutional

violations "falls far short of establishing a practice that is 'so persistent or widespread' as to justify the imposition of municipal liability").

"A plaintiff may also plead the existence of de facto customs or policies 'by citing to Complaints in other cases that contain similar allegations.'" *Buari v. City of New York*, 530 F. Supp. 3d 356, 398 (S.D.N.Y March 30, 2021) (quoting *Gaston v. Ruiz*, No. 17-CV-1252 (NGG) (CLP), 2018 U.S. Dist. LEXIS 112695, 2018 WL 3336448, at *6 (E.D.N.Y. July 6, 2018)). The other Complaints, however, must "involve factually similar misconduct, be contemporaneous to the misconduct at issue in the plaintiff's case, and result in the *adjudication of liability*." *Buari v. City of New York*, 530 F. Supp.3d 356 398 (S.D.N.Y. 2021) (*emphasis added*).

A municipality's failure to train or supervise its employees may constitute a "policy" or "custom," but a plaintiff premising liability on a claim of failure to train or supervise must show that "the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). "Deliberate indifference," as the Supreme Court cautioned, "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Although a municipality may be liable under §1983 for its policies or customs, only "[i]n limited circumstances [can] a local government's decision not to train certain employees about their duty to avoid violating citizens' rights [] rise to the level of an official government policy for purposes of § 1983." *Id.* ("municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train") (emphasis added).

"[W]here a city has a training program, a plaintiff must . . . identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the ultimate

injury, such that it actually caused the constitutional deprivation." *Wray*, 490 F.3d at 196 (internal quotation marks and citations omitted). "[A] training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." *Reynolds v. Giuliani*, 506 F.3d 183, 193 (2d Cir. 2007).

With respect to claims alleging failure to train, it is "ordinarily necessary" to establish a "pattern of similar constitutional violations by untrained employees." *Connick*, at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). "[A] failure to act, train, or supervise can constitute a municipal custom 'only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need.'" *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 534 (S.D.N.Y. 2012) (quoting *Reynolds*, at 192.)

Plaintiff alleges, generally, that the "Defendants…engaged in conduct that constituted a custom, usage, practice, procedure" that includes "inadequate screening, hiring, retaining, training, and supervising". *See* Compl., at ¶¶ 48-49. Plaintiff further alleges that the NYPD has failed to properly train officers regarding the proper issuance of summonses. *Id*., at 49.

As an initial matter, the Complaint fails to plead facts showing an underlying constitutional violation by a state actor. *See supra,* Points I-III(a-d); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that if plaintiff cannot show that her constitutional rights were violated by a City actor, then there cannot be *Monell* liability). For this reasons alone, any allegation of a municipal policy premised under those theories should be dismissed.

Even assuming that plaintiff did sufficiently plead facts giving rise to an underlying constitutional violation, the Complaint still fails to sufficiently plead a *Monell* claim. Other than reciting the "buzz-words," Plaintiff's Complaint only alleges, in an overbroad and conclusory manner, that the City had a "custom, policy, practice," etc. This certainly does not meet the plausibility standard to survive a motion to dismiss. *See Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1077 (2d Cir. 2021) ("However, a "general and **conclusory** allegation" of a municipal policy or custom fails to state a plausible claim. citing to *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015).

Similarly, plaintiff does not adequately allege a failure to train, either. Plaintiff has failed to  "identify a specific deficiency . . ." and show how that deficiency is related to the injury *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007). Further, it is "ordinarily necessary" to establish a "pattern of similar constitutional violations by untrained employees. . . ." to impose liability premised on failure to train. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Again, the Complaint reiterates only that there is an alleged training deficiency as it pertains to the NYPD's issuance of summonses, when the matter before the Court has nothing to do with a summons issued. *See* Compl. at ¶ 49.

Therefore, Plaintiff's allegations of municipal liability should be dismissed.

<u>**POINT IV**</u>

**IN THE ABSENCE OF ANY REMAINING FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY NEW YORK STATE LAW CLAIMS**

**A. The Court Should Decline Supplemental Jurisdiction**

Plaintiff has failed to establish any federal claims as argued *supra* in points I-III. Therefore, this Court should not exercise jurisdiction over his remaining state claims. *See Hong Tang v.*

*Grossman*, No. 22-464, 2023 U.S. App. LEXIS 4625, at *6 (2d Cir. Feb. 27, 2023)("Having dismissed Tang's federal claims, the district court declined to exercise supplemental jurisdiction, which is the proper outcome when a court has dismissed all claims "over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see Klein & Co. Futures*, *Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss in its entirety, dismiss the aforementioned claims against them, with prejudice, and for such other and further relief as the Court deems proper and just.

Dated:      June 12, 2023
             New York, New York

                    HON. SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the City of New York
                    *Attorney for Defendants City, Moses, Sanon, Flynn*
                    100 Church Street, Room 3-200
                    New York, New York 10007
                    Phone: (212) 356-2376

             By:    _____
                    Joseph A. Russo
                    *Assistant Corporation Counsel*
                    Special Federal Litigation Division

cc:    **BY ECF**
       Caner Demirayak, Esq.
       *Attorney for Plaintiff*