UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ISAIAH SANO,

**AMENDED COMPLAINT**

              Plaintiff.

Case Number:
22-cv-7688-DLI-TAM

- against -

*JURY TRIAL DEMANDED*

THE CITY OF NEW YORK, POLICE OFFICER
DEVON D MOSES, SHIELD # 968022, POLICE
OFFICER PATRICK SANON, SHIELD # 269, &
DETECTIVE BRIAN P FLYNN, SHIELD # 1067,

              Defendants.
---------------------------------------------------------------------X

Plaintiff Isaiah Sano, by his attorneys, Law Office of Caner Demirayak, Esq., P.C.,

complaining of the defendants, respectfully alleges and sets forth the following as his AMENDED

COMPLAINT:

**Preliminary Statement**

1.     Plaintiff brings this civil rights action seeking relief for the violation of plaintiff's

rights secured by 42 USC 1983, 1985, and 1988, the Fourth, Fifth, and Fourteenth Amendments

to the United States Constitution, and for violations of plaintiff's federally protected procedural

and substantive Due Process rights. Plaintiff's claims arise from incidents that arose on or about

October 23, 2021 and November 8, 2021 and when all charges were dismissed in plaintiff's favor

on June 8, 2022. During the incidents, the defendants, members of the New York City Police

Department and employees of the City of New York subjected plaintiff to, among other things,

false arrest, false imprisonment, malicious prosecution, deprivation of property rights and

violations of plaintiff's rights against illegal searches and seizures. Plaintiff seeks compensatory

and punitive damages from the individual defendants, compensatory damages from the municipal,

1

governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction

2.    This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.    As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

4.    Plaintiff exhausted all administrative remedies prior to commencement of this action and timely filed a Notice of Claim upon the Comptroller's Office prior to commencement.

5.    Plaintiff appeared for and completed his 50-h statutory hearing prior to commencement.

6.    This action was timely commenced within three (3) years of June 8, 2022 (the date of dismissal of all charges and when the statute of limitations on all claims herein began to accrue), for the federal claims and within one (1) year and ninety (90) days thereof for the state and city claims.

## Venue

7.    Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as such district in the district in which the claims herein arose.

## Parties

8.    Plaintiff, Isaiah Sano is an African-American male who is a resident of the County of Kings, City and State of New York.

9.    Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the municipal corporation,

THE CITY OF NEW YORK. Such defendant, through its various agents and employees violated plaintiff's rights as described herein.

10.     At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER DEVON D MOSES, SHIELD # 968022, POLICE OFFICER PATRICK SANON, SHIELD # 269, & DETECTIVE BRIAN P FLYNN, SHIELD # 1067, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Such defendants violated plaintiff's rights as described herein.

11.     The individual defendants have since resigned or been terminated from the New York City Police Department.

12.     At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

### Statement of Facts[1]

**The False Shooting and Weapons Possession Investigation of October 23, 2021**

14.     On October 23, 2021, defendants, POLICE OFFICER PATRICK SANON, SHIELD # 269 and DETECTIVE BRIAN P FLYNN, SHIELD # 1067, provided and caused to be provided and generated false, misleading and inconsistent information to accuse plaintiff of shooting a firearm from his apartment.

---

[1] Plaintiff relied upon the few documents exchanged upon him during the criminal prosecution in preparing this complaint.

15.     The accusation was made on the basis of false allegations and identifications sworn to by defendants, POLICE OFFICER PATRICK SANON, SHIELD # 269 and DETECTIVE BRIAN P FLYNN, SHIELD # 1067.

16.     Defendants SANON and FLYNN provided these false statements to the New York City Police Department knowing there was no basis to support the allegations.

17.     These and other allegations, information and evidence were false and the defendants knew they were false when they made them.

18.     The defendants made these allegations and statements although they were not true, unverified and insufficient to provide probable cause or any arguable probable cause.

19.     In fact, the alleged video footage did not depict plaintiff despite the false statements by defendants to the contrary.

20.     The defendants never produced any evidence or discovery supporting their false statements during the later arrest and prosecution of the plaintiff. For instance, the defendants did not produce any DD5 reports, memo books or other documents from the officers.

21.     The defendants did not produce the supposed video footage they based their false statements on.

22.     The defendants did not produce any documents or photographs from the evidence collection team.

23.     The defendants did not even produce the grand jury testimony minutes, grand jury evidence, ballistics reports.

24.     In fact, the defendants did not produce an identification notice of the false identification.

25.     The defendants merely produced a handful of body worn cameras, all from November 8, 2021, and nothing from the false October 23, 2021 investigation.

26.     The defendants never produced the alleged I-cards, if any ever existed. There are various types of I-cards and not all provide probable cause for an arrest. In fact some specifically state "do not arrest." None of these items were provided to plaintiff during the prosecution.

27.     The defendants did not produce any exculpatory, *Brady* or even *Giglio* material. Not a single piece of evidence was ever produced or turned over to the plaintiff during the prosecution.

28.     Since the defendants knew their statements were false and inaccurate, they did not attempt to obtain a warrant for the plaintiff's arrest nor a warrant for a search of his premises. This would have required them to go under oath before a warrant judge.

**Plaintiff is Falsely Arrested on November 8, 2021**

29.     On November 8, 2021 the defendants along with a number of other members of the New York City Police Department went to the plaintiff's residence.

30.     The defendants waited for plaintiff to exit his residence and then falsely arrested him on the basis of the false statements and information provided by defendants, when they knew it was false.

31.     This arrest was without probable cause or any arguable probable cause. The defendants knew they were violating plaintiff's clearly established right to be free from false arrest and imprisonment at the time of the arrest. No facts or circumstances justified the arrest.

32.     The defendants did not advise plaintiff as to why he was being arrested nor did they read him his rights.

33.     The defendants, knowing the falsity of their statements attempted to base their arrest on the possession of contraband, which was only discovered after the plaintiff was arrested. However, the initial basis for the arrest was illegal and the search thereafter was also illegal.

34.     Yet, due to the knowledge of the false statements and information as to the October 23, 2021 investigation, plaintiff's arrest was specifically booked as one for the possession of contraband and nothing else.

35.     After being arrested plaintiff was first brought to one precinct and illegally strip searched. No questioning of him was recorded and he was not read any rights.

36.     Plaintiff was then placed in the defendant's vehicle and driven to a second precinct. At the precinct, again no questioning of him was recorded and he was not read any rights.

37.     Plaintiff was then placed in the defendant's vehicle yet again and driven to a third precinct.

38.     On the way to this third location the defendants stated in sum and substance: "Once I get you in cuffs, everything is over baby," and "Without you I wouldn't have a job," inferring that the defendants had and wanted to to arrest plaintiff without any basis. The defendants then proceed to play the song Country Grammar by Nelly at full volume.

39.     At the third precinct questioning of plaintiff was not recorded and he was not read any rights.

40.     At none of the three locations was plaintiff ever informed as to the reason for his false arrest. At none of the three locations and at no point in time was the plaintiff ever advised he was arrested pursuant to an investigation card.

41.     The existence of a potential investigation card also appears to be a falsehood itself as the Alerts Sheet attached to plaintiff's unlawful arraignment only references a July 6, 2019 entry

which was also invalid and already defunct. Plaintiff had been arrested numerous times subsequent to the July 6, 2019 entry. In relation to a sentence of probation in October 17, 2016, plaintiff missed a court date and was arrested on a bench warrant on August 14, 2019. He was then arrested again on November 14, 2019 and again on December 16, 2019 as to a violation of the probation. Plaintiff was then sentenced to a term of nine months in jail but was released in March 2020.

42.     Plaintiff would then be arrested again for a petty crime on December 12, 2020 and was sentenced to disorderly conduct and released on January 15, 2021. Of all the arrests, the July 5, 2019 entry was still improperly active at the time of his November 8, 2021 arrest. This was not a valid basis for an arrest nor could it be. No other potential investigation card showed up on the Alerts Sheet, which routinely has incorrect or outdated information in the City criminal justice system.

## The Malicious Prosecution Begins on November 9, 2021

43.     Defendants then provided the above mentioned false statements and identifications to the Kings County District Attorney's Office and the court knowing that there was no basis to support the allegations and identifications.

44.     These and other allegations, information and evidence were false and the defendants knew they were false when they made them. Yet, it was even worse as the statements were made falsely because as the defendants stated: "Without you I wouldn't have a job."

45.     The plaintiff was not involved in a shooting on October 23, 2021 and the defendants knew that he was not involved, but made the false statements anyway because the incident allegedly occurred in front of plaintiff's apartment building and because plaintiff had run ins with the law previously. This is unacceptable and preposterous.

46.     The defendants memorialized their false and perjurious statements on their November 9, 2021 Felony Complaint and falsely charged plaintiff with several crimes, including, attempted murder in the second degree and criminal possession of a weapon in the second degree.

47.     Plaintiff was then arraigned on the above mentioned felony criminal complaint on the basis of false allegations supplied by defendants SANON, FLYNN, and MOSES.

48.     Plaintiff was unable to post bail immediately and was sent to Rikers Island for at least 30 days.

**Plaintiff is Indicted on the Basis of False Statements, Information and Evidence
on or About November 30, 2021**

49.     Plaintiff was eventually indicted on the basis of false allegations supplied by defendants SANON, FLYNN and MOSES.

50.     Pursuant to these false statements, false information, false identifications, and fabricated evidence, plaintiff was indicted on numerous weapons possession charges. However, the plaintiff was not indicted on the attempted murder, attempted assault or contraband charges. Plaintiff has never been advised if the charges were submitted to the grand jury, which then voted no, or whether the charges were submitted at all.

51.     The defendants knew these statements were false when they made them to the grand jury.

52.     Plaintiff never received minutes or exhibits from the grand jury proceedings. It is thus unclear if a grand jury was even impaneled and what evidence was submitted to the grand jury. It is unclear if the grand jury was presented with any exculpatory evidence or *Brady* material as required.

53.     The grand jury indictment was based on lies, fraud and falsehoods by the defendants rendering it insufficient to provide probable cause for the prosecution.

8

54.     The suppression/withholding of evidence shows bad faith.

55.     Plaintiff eventually posted his bond/bail but was made to continuously return to court for several more months.

### The Case is Dismissed with Prejudice and Sealed on June 8, 2022

56.     Eventually on June 8, 2022, the indictment was dismissed by the court. The defendants never produced, exchanged or supplied any evidence supporting their false and fabricated statements and identification. This is because such evidence does not exist and was based on the falsehoods of defendants.

57.     The decision to investigation, arrest, search and prosecute plaintiff was objectively unreasonable under the circumstances.

58.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

59.     The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal arrest and prosecution of plaintiff.

60.     At no time did defendants taken any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff. Instead, they conspired together to conjure up a false investigation, arrest and prosecution of the plaintiff, all the while knowing the statements were false and perjurious.

61.     As described above, the baseless nature of the case against plaintiff is easily discernible by the inconsistent charges and claims made against him. Initially, plaintiff was allegedly arrested for an alleged shooting that occurred on October 23, 2021. It was an officer who had no prior interactions or knowledge of plaintiff who allegedly identified him on video, defendant SANON. The alleged video was never produced and it is not clear if it ever existed.

9

However, the arrest report of November 8, 2021 was solely for the possession of drugs. The police lacked any cause to stop, search or arrest the defendant for drug possession, as clearly shown on the body worn camera footage. However, once defendant was booked on the pretentious drug charges, he was arraigned on a felony complaint for attempted murder in the second degree and numerous firearm possession charges. Yet, the grand jury did not indict the plaintiff on the illegally obtained drug charges nor the completely fabricated attempted murder in the second degree charge. The above makes clear the defendants attempted to find a way to make baseless charges stick against an innocent plaintiff.

62.     Plaintiff has suffered loss of his liberty, mental anguish, emotional distress, shame, humiliation, indignity, and damage to his reputation as a result of the unlawful conduct.

### AS AND FOR A FIRST CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment under 42 USC 1983

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 62 with the same force and effect as if fully set forth herein.

64.     Defendants arrested and/or created a custodial situation of plaintiff Isaiah Sano without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment.

65.     Defendants caused plaintiff Isaiah Sano to be falsely arrested and unlawfully detained.

66.     Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of the confinement.

67.     Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

68.     There was no probable cause or arguable probable cause for the arrest and none of the defendants are entitled to qualified immunity.

69.     The supposed identification evidence was not reliable and not from a trustworthy source. The facts as set forth in this complaint raise doubts as to the purported identification and probable cause did not exist, especially not in the face of the failure to produce any such evidence, let alone the supposed video itself during the prosecution, which was withheld from the plaintiff.

70.     Defendants are not deemed to be insulated via the collective knowledge doctrine as the instigating defendants: SANON and FLYNN did not possess probable cause or arguable probable cause as they lied, perjured themselves and fabricated evidence.

71.     The supposed claim that plaintiff possessed contraband is an after the fact justification for an illegal arrest. Plaintiff was neither indicted nor convicted of possession of contraband and thus same is not a basis for probable cause or arguable probable cause. In fact, the defendants seem to claim they only were able to discover the contraband as a search after their unlawful arrest.

72.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violation of Right to Fair Trial under 42 USC 1983**

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 72 with the same force and effect as if fully set forth herein.

74.     Defendants created false evidence against plaintiff Isaiah Sano.

75.    Defendants utilized this false evidence against plaintiff Isaiah Sano in legal proceedings, namely a purported video that was never produced and identification by defendant SANON that was never shown as legitimate.

76.    Defendants made materially false statements as explained in this complaint.

77.    Defendants made materially false identifications as explained in this complaint.

78.    As a result of defendants' creation and use of false evidence, plaintiff Isaiah Sano suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

79.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 USC 1983

80.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 79 with the same force and effect as if fully set forth herein.

81.    Defendants initiated, commenced and continued malicious prosecutions against plaintiff Isaiah Sano.

82.    Defendants caused plaintiff Isaiah Sano to be prosecuted without any probable cause until the charges were dismissed on or about June 8, 2022.

83.    Any indictment of the plaintiff was obtained by fraud, perjury, lies, suppression and withholding of evidence, and was in bad faith.

84.    In fact, the grand jury minutes have never been turned over to plaintiff.

85.    No evidence from the grand jury proceeding has been turned over to plaintiff.

86.    No evidence whatsoever was produced regarding the matter to plaintiff during the prosecution.

87.    Since defendants have a legal obligation to turn over all such evidence pursuant to New York Criminal Procedure Law section 245, the failure to produce such items mandated by statute was caused by the suppression of evidence, fraud, perjury, and bad faith.

88.    The defendants never showed proof of: (1) the supposed video, (2) a firearm, (3) ballistics, (4) operability reports, (5) DNA, (6) fingerprints, or anything that would render the grand jury proceedings proper and based on actual probable cause.

89.    Plaintiff has never seen if the Kings County District Attorney's Office made any decisions to decline to prosecute the charges the grand jury did not indict on, or whether the grand jury voted no on the higher charges. This is crucial as the grand jury issued an indictment on only 3 of the 6 charges originally charged in the felony complaint, and none where the top counts.

90.    The grand jury did not indict on (1) attempted murder in the second degree, (2) criminal use of a firearm in the first degree, or (3) criminal possession of a controlled substance in the seventh degree. There is no question that attempted murder and attempted assault are not greater included offenses of the charges plaintiff was indicted for.

91.    If the grand jury actually saw the video and believed SANON and FLYNN's claim that it was plaintiff who fired the weapon on video, how was there not an indictment on the top counts. This illogical result raises serious doubts about the legitimacy of the proceeding and shows clear doubts as to the veracity and reliability of the testimony and evidence of defendants.

92.    Was the grand jury denied access to exculpatory or *Brady* material? Were other possible perpetrators excluded, on a video that showed multiple persons?

13

93.     Did SANON and FLYNN ever explain how they could identify plaintiff and where they based their familiarity with him on? Not a shred of evidence was produced to substantiate that lie and falsehood!

94.     The grand jury presentation was so weak that plaintiff was also indicted on a misdemeanor A for possession of a weapon.

95.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to Intervene under 42 USC 1983

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 95 with the same force and effect as if fully set forth herein.

97.     Defendants had an affirmative duty to intervene on behalf of plaintiff Isaiah Sano, whose constitutional rights were being violated in their presence by other officers.

98.     The defendants failed to intervene to prevent the unlawful conduct described herein.

99.     As a result of the foregoing, plaintiff Isaiah Sano's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

100.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000),

plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Supervisory Liability under 42 USC 1983

101.   Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs number 1 through 100 with the same force and effect as if fully set forth herein.

102.   The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise

and train their subordinate employees.

103.   As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory

damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS

($500,000), and is also entitled to punitive damages against the individual defendants in an amount

to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000),

plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Municipal Liability under 42 USC 1983

104.   Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs number 1 through 103 with the same force and effect as if fully set forth herein.

105.   Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

106.   The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to, inadequate screening,

hiring, retaining, training and supervising its employees that as the moving force behind the

15

violation of plaintiff Isaiah Sano rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

107.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Isaiah Sano.

108.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Isaiah Sano as alleged herein.

109.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Isaiah Sano as alleged herein.

110.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff Isaiah Sano was unlawfully arrested and maliciously prosecuted.

111.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Isaiah Sano's constitutional rights.

112.    All of the foregoing acts by defendants deprived plaintiff Isaiah Sano of federally protected rights, including, but not limited to, the rights to be free from false arrest/unlawful imprisonment, to be free from the failure to intervene, to receive his right to fair trial, and to be free from malicious prosecution.

113.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### 42 USC 1983 Federal Civil Rights Violations

114.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 113 with the same force and effect as if fully set forth herein.

115.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

116.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and ion violation of 42 USC 1983.

117.    The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as New York City Police Department officers. Said cats by the Defendants officers and agents were without authority of law, an abuse of their powers, and said Defendants acted willfully, knowingly, and with the

17

specific intent to deprive the Plaintiff of his constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution.

118.   As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### 42 USC 1983 Conspiracy

119.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 118 with the same force and effect as if fully set forth herein.

120.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

121.   As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### Unlawful Search and Seizure

122.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 121 with the same force and effect as if fully set forth herein.

123.    The defendants stopped, arrested and searched without any probable cause or access order and in violation of plaintiffs' rights to due process and against unreasonable searches and seizures of his property.

124.    As a result, plaintiff's privacy rights were violated without a warrant, access order or probable cause.

125.    Defendants are liable to plaintiff for depriving him of his right to privacy and rights against unlawful searches and seizures pursuant to the Federal and New York State Constitutions without due process of law and without any probable cause.

126.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment Under New York State Common Law

127.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 126 with the same force and effect as if fully set forth herein.

128.    Defendants arrested and/or created a custodial situation of plaintiff Isaiah Sano without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment.

129.    Defendants caused plaintiff Isaiah Sano to be falsely arrested and unlawfully detained.

130.    Defendants intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of the confinement.

131.     Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

132.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**Malicious Prosecution Under New York State Common Law**

133.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 132 with the same force and effect as if fully set forth herein.

134.     Defendants initiated, commenced and continued malicious prosecutions against plaintiff Isaiah Sano.

135.     Defendants caused plaintiff Isaiah Sano to be prosecuted without any probable cause until the charges were dismissed on or about June 8, 2022.

136.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Negligent Hiring Retention and Training

137.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 136 with the same force and effect as if fully set forth herein.

138.    The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

139.    As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Negligence

140.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 139 with the same force and effect as if fully set forth herein.

141.    Defendants owed a duty of care to plaintiff.

142.    Defendants breached that duty of care by subjecting plaintiff to an illegal search and undue force and unprivileged deprivation of his liberty without sufficient or any cause to do so.

143.    As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiff.

144.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

145.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

146.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 145 with the same force and effect as if fully set forth herein.

147.     By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

148.     As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

149.     The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

150.     As a result of the foregoing, plaintiff Isaiah Sano is entitled to compensatory damages in an amount to be fixed by a jury of at least FIVE HUNDRED THOUSAND DOLLARS ($500,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000), plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I.      Compensatory damages in an amount to be determined by a jury of at least FIVE

         HUNDRED THOUSAND DOLLARS ($500,000);

II.     Punitive damages in an amount to be determined by a jury of at least TWO HUNDRED

         FIFTY THOUSAND DOLLARS ($250,000);

III.    Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV.     Such other and further relief as this Court may deem just and proper, including
         injunctive and declaratory relief.

                                              THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated:  Brooklyn, New York
          June 20, 2023                       _Caner Demirayak_
                                              Caner Demirayak, Esq.
                                              300 Cadman Plaza West
                                              One Pierrepont Plaza, 12th Floor
                                              Brooklyn, New York 11201
                                              718-344-6048
                                              caner@canerlawoffice.com