

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JOSEPH A. RUSSO**
*Assistant Corporation Counsel*
jorusso@law.nyc.gov
Phone: (212) 356-2376
Fax: (212) 356-1148

July 28, 2023

**VIA ECF**
Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

        Re: Isaiah Sano v. City of New York, et. al.,
           22-CV-07688 (DLI) (TAM)

Your Honor:

      Defendants respectfully submit this letter in Reply to Plaintiff's Memorandum of Law in Opposition (hereinafter "Pl. Opp.") dated July 16, 2023. For the reasons set forth herein and more fully in Defendants' Memorandum of Law dated July 5, 2023, Plaintiff's Amended Complaint should be dismissed in its entirety and with prejudice.

      It is clear that Plaintiff has failed to meaningfully oppose Defendants' Motion to Dismiss. Indeed, Plaintiff concedes all the relevant facts that cut directly against his claims for false arrest, excessive force, and denial of a right to fair trial. More specifically, Plaintiff acknowledges that: (1) an I-card was issued prior to his arrest; (2) contraband was recovered from his person during the course of his arrest; (3) Defendant Sanon identified him on the October 23, 2021 shooting video; and (4), he was indicted by a Grand Jury. *See* Amend. Compl. ¶¶ 15, 26, 33, 40, 61. Furthermore, Pl. Opp. provides no legal authority to rebut the substantive legal arguments regarding the existence of probable cause for the arrest and prosecution. *See* Pl. Opp., generally.

      Rather, in an effort to rebut the presumption of probable cause created by the Grand Jury indictment, Pl. Opp. makes numerous unsupported and unfounded assumptions about the Grand Jury proceeding. For instance, Plaintiff alleges that "[i]t is unlikely that the prosecutor did not submit [certain] charges to the Grand Jury, as typically all charges on the felony complaint are submitted." *See* Pl. Opp. Pg 5. In addition, Pl. Opp. fails to address, how, specifically, any Defendant acted in bad faith in connection with the Grand Jury proceeding. For these reasons, plaintiff's malicious prosecution claim fails. *See Reid v. City of New York*, 2004 U.S. Dist. LEXIS 5030 24 (S.D.N.Y. March 29, 2004) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)("mere conjecture and surmise that indictment was procured as a result of conduct undertaken in bad faith is insufficient to rebut the presumption of probable cause.").

      Pl. Opp. also seeks to add numerous facts that are not pled in the Amended Complaint. For example, Plaintiff claims in his opposition, for the first time, that there were two gunman involved in this shooting firing at each other. *See* Pl. Opp. Pg 3. Plaintiff also now claims that the prosecutor took "21 days to secure an indictment" and "had to make an application to the assigned judge asking to keep [Plaintiff] detained while the proceedings continued." *See* Pl. Opp. Pg 5. Courts have held that new factual allegations in motion papers should not be considered in a Motion to Dismiss. Therefore, any new facts alleged by Plaintiff in Pl. Opp. should not be considered by this Court. *See Nieves v. Fahmy*, 2016 U.S. Dist. LEXIS 159057, at *20 (E.D.N.Y. Nov. 16, 2016) (citing *Heletsi v. Lufthansa German Airlines*, Inc., No. 99-cv-4793-SJ, 2001 WL 1646518, at 1 n.1 (E.D.N.Y. Dec. 18, 2001) ("The plaintiffs' memorandum opposing the motion to dismiss alleges facts that are not included in their complaint. The plaintiffs cannot amend their complaint by alleging new facts in their motion papers.").

      Accordingly, Defendants respectfully request that this Court grant its Motion to Dismiss in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just. Thank you for your consideration herein.

Respectfully submitted,

_____
Joseph A. Russo
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
*All attorneys to be noticed*