

| | | |
|---|---|---|
| **Muriel Goode-Trufant**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | Yini Zhang<br>Senior Counsel<br>yinzhan@law.nyc.gov<br>Phone: (212) 356-3541 |

December 3, 2024

**By ECF**
District Judge Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Isaiah Sano v. City of New York, et al.
                  22-CV-07688 (DLI) (TAM)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendants City of New York ("the City"), Devon D. Moses, Patrick Sanon, and Brian P. Flynn ("defendants") in the above referenced matter. I write to supplement defendants' pending motion to dismiss with reference to the recent United States Supreme Court decision, Chiaverini v. City of Napoleon, 602 U.S. 556 (2024) and its progeny. See ECF No. 30. Because Chiaverini does not alter the Second Circuit's longstanding caselaw on malicious prosecution claims, the plaintiff's claim still fails.

Chiaverini v. City of Napoleon

      Chiaverini is directly relevant to the arguments made by defendants with respect to malicious prosecution. In Chiaverini, the Supreme Court rejected the Sixth Circuit's holding that probable cause to support at least one criminal charge is sufficient to defeat a claim of malicious prosecution under 42 U.S.C. § 1983. In doing so, the Court noted that the Sixth Circuit's position contradicted those of three other Court of Appeals, including the Second Circuit, which "have held that the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution claim alleging the absence of probable cause for another charge." 602 U.S. at 561; see Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991). The Court resolved the circuit split by holding that a malicious prosecution claim must be evaluated for probable cause charge by charge, and "may succeed when a baseless charge is accompanied by a valid charge." 602 U.S. at 562-63.

      Based on the undersigned's review, to date, only one case in the Second Circuit has referenced Chiaverini. In LeVine v. Altieri, the court cited to Chiaverini in stating that "a claim for malicious prosecution does require that probable cause be shown for each charge for which a plaintiff was prosecuted." 2024 U.S. Dist. LEXIS 146008, at *27 (N.D.N.Y. Aug. 15, 2024).

However, since this is the well-established position of the Second Circuit, the court also cited another district court decision.

Plaintiff's Grand Jury Indictment Creates a Presumption of Probable Cause

In addition to affirming the Second Circuit's longstanding position that each criminal charge must be reviewed for probable cause when plaintiff claims malicious prosecution, Chiaverini alters neither how the courts assess such a claim nor any other relevant established caselaw. As defendants argue in defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint dated July 5, 2023 (hereinafter "Def. Memo.") and defendants' Reply Memorandum of Law in Further Support of Defendants' Motion for Judgment on the Pleadings dated August 3, 2023 (hereinafter "Def. Reply"), plaintiff's claim of malicious prosecution fails because plaintiff was indicted. "Under New York law, the fact that a grand jury indicts a person of a crime creates a presumption of probable cause for the purposes of defending against a malicious prosecution claim." Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000); see also Bermudez v. City of N.Y., 790 F.3d 368, 377 (2d Cir. 2015); Savino v. City of N.Y., 331 F.3d 63, 72 (2d Cir. 2003) (citing Colon v. New York, 60 N.Y.2d 78, 82 (1983)); Marshall v. Sullivan, 105 F.3d 47, 54 (2d Cir. 1996).

Moreover, the standard to overcome the presumption is clear. "[T]he presumption can be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." Marshall, 105 F.3d at 54. However, as argued in defendants' pending motion to dismiss, plaintiff's allegations in the Amended Complaint and Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss dated July 16, 2023 fail to allege facts suggesting fraud or misconduct was perpetrated before the Grand Jury, instead relying on assumptions about the Grand Jury proceeding. See Def. Memo. 7-8; Def. Reply 3-4. Thus, plaintiff's claim for malicious prosecution fails even in light of Chiaverini.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Yini Zhang*

Yini Zhang
Senior Counsel
Special Federal Litigation Division

cc:   Caner Demirayak, Esq. (By ECF)
      *Attorney for Plaintiff*